UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                           :

EFRAIN MASSAPINERO                   :

                    Plaintiff,             :

     – against –                        :

CITY OF NEW YORK, ET AL.          :

                    Defendants.       :
------------------------------------------------x

**OPINION**

13 CV 530 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/05/13

      Plaintiff, Efrain Massapinero, brings this pro se action under 28 U.S.C. § 1983 against the City of New York and an unidentified individual working on the mental health staff at Riker's Island. Specifically, Massapinero claims that defendants moved him to the Otis Bantum Correctional Center (OBCC), where he should not have been sent because he had a history of mental health issues. At the OBCC Massapinero cut his arm, requiring stitches. When he was sent back to Riker's Island, Massapinero claims that the mental health staff placed him in a cell where he continued to cut his arm. On January 23, 2013, Massapinero filed his complaint and the present application for the court to request pro bono counsel.

      Unlike criminal defendants, indigent litigants in civil actions have no constitutional right to counsel. Barzey v. Daley, No. 99 Civ. 11917, 2000 WL 959713 (S.D.N.Y. July 11, 2000). The court, under 28 U.S.C. § 1915(e)(1), may request an attorney to represent any party unable to afford counsel. In this case Massapinero has demonstrated that he is indigent and cannot afford counsel; the court granted him permission to proceed in forma pauperis on February 22, 2013.

1

2

"In deciding whether to appoint counsel . . . [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). In making this determination, the court must examine the face of the pleadings and determine whether the claims asserted may have merit, or the plaintiff "appears to have some chance of success." Baskerville v. Goord, No. 97 Civ. 6413, 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001).

The court construes the present complaint as a claim based on the violation of Massapinero's Eighth Amendment right. However, Massapinero does not claim that his mental health deteriorated as a result of defendants' actions and his claim is thus of doubtful merit. Moreover, the case can easily be handled by a motion or a hearing. Harris v. McGinnis, No. 02 Civ. 6481, 2003 WL 21108370 (S.D.N.Y. May 14, 2003).

The court therefore denies Massapinero's motion for the appointment of counsel.

Dated:   New York, New York
         August 5, 2013

_____
Thomas P. Griesa
U.S. District Judge