UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

EFRAIN MASSAPINERO,

          Plaintiff,

    – against –

RIKERS ISLAND MENTAL HEALTH
DEPARTMENT SERVICES,

          Defendant.
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/15

13-CV-00530 (TPG)

**OPINION**

      Plaintiff Efrain Massapinero claims that Rikers Island Correctional Facility employees placed him in a punitive segregation unit and withheld treatment for his mental health disorder, leading him to cut himself on the arms and chest. Defendants filed a motion to dismiss the amended complaint on May 13, 2014, but plaintiff has not opposed or otherwise responded to that motion.[1] For the following reasons, defendants' motion to dismiss the amended complaint is granted.

### The Complaint

      Plaintiff is an inmate at the Rikers Island Correctional Facility George R. Vierno Center ("GRVC"). Compl. at 1. He suffers from "mental health issues." Compl. at 3. In 2012, for reasons unspecified in the amended complaint, plaintiff was required to spend a period of time in the prison's secure housing unit. Compl. at 3. Plaintiff claims that the

---

[1] The Second Circuit has held that a plaintiff's failure to oppose a motion to dismiss is not grounds for dismissal because the court's task is to test the sufficiency of the complaint as a matter of law. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).

GRVC was the only facility at Rikers Island equipped and staffed to allow punitive segregation of mentally ill inmates. See Compl. at 3, 8. However, the secure housing unit at GRVC was full on the day plaintiff was scheduled for punitive segregation. Compl. at 3.

Plaintiff alleges that a Rikers Island employee, "Ms. J. Labarca," cleared him of his mental health status and directed that he be segregated in the Otis Bantum Correctional Center ("OBCC"). Compl. at 8. For the next eight days, plaintiff was unable to see a mental health doctor. Compl. at 8. Moreover, defendants withheld his mental health medications. Compl. at 8. As a result, plaintiff cut his arms and chest, sustaining injuries that required stitches. Compl. at 3. He was then transferred to another location and kept in a "close cell." Compl. at 8. Plaintiff seeks $15,000 from each of the defendants for a total of $105,000.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Rather, the complaint must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In

deciding the motion, the court accepts as true all well-pleaded allegations contained in the complaint and draws all reasonable inferences in favor of the plaintiff. See Twombly, 550 U.S. at 555-56. However, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

A complaint by a *pro se* litigant "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). A plaintiff's failure to oppose a defendant's motion to dismiss is not grounds for dismissal because the motion merely challenges the legal sufficiency of the complaint, which "the court is capable of determining based on its own reading." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).

Section 1983 of Title 42 of the United States Code creates a federal cause of action against every person who, under color of law, subjects another to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. As its text indicates, Section 1983 is not itself a source of substantive rights, but rather provides a means to vindicate rights secured elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

The Eighth Amendment, as applied to the states by the Fourteenth Amendment, prohibits the government from inflicting cruel and unusual punishments. U.S. Const. amends. VIII, XIV. Of course, this precludes

"physically barbarous punishments." Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, the Eight Amendment also prohibits less obvious mistreatment, including deliberate indifference to a prisoner's medical needs. Id. To state a claim for deliberate indifference to medical needs, a plaintiff must allege facts showing the defendant: (1) subjected him to a serious deprivation of medical treatment; and (2) acted with a sufficiently culpable state of mind, meaning the defendant knew of and disregarded an excessive risk to the prisoner's health or safety. Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005).

With regard to the first prong, to qualify as "sufficiently serious" a prisoner's medical need must have been "a condition of urgency." Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005). The court will consider whether the medical need: (1) was significant enough that a reasonable doctor or patient would find it worthy of comment or treatment; (2) significantly affects the prisoner's daily activities; and (3) causes chronic and substantial pain. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

In the instant case, plaintiff's medical condition is sufficiently serious to satisfy the first prong of the deliberate indifference analysis. The complaint states that plaintiff suffers from "mental health issues" and normally receives medication to treat those issues. Compl. at 3. Thus, a reasonable inference can be drawn that at some point in the past, a doctor determined that plaintiff's unspecified mental health

condition was worthy of treatment. The complaint further alleges that defendants withheld defendant's medication for eight days. Compl. at 8. As a result, defendant experienced a significant and painful interruption to his daily activities, in that he cut himself on the arms and chest. Compl. at 8. Taken together, these facts are sufficient to establish that plaintiff suffered from a serious medical condition.

While the complaint satisfies the first prong of the deliberate indifference analysis, it is completely devoid of facts going to the second prong—whether defendants acted with a culpable state of mind. Plaintiff alleges that on the day he was scheduled to go into the secure housing unit, "Ms. Labarca and her supervisor clear[ed] me from mental health and had me sent to OBCC to do my box time. They should have never sended [sic] me to OBCC because of my mental health problems." Compl. at 3. These allegations fail to show any culpable thinking by defendants. Plaintiff does not allege that defendants knew of his mental health issues but ignored them, but rather, that they sent him to OBCC simply because "they did not have open cells at GRVC." Compl. at 8. Even in the light most favorable to plaintiff, the complaint does nothing to establish an intent to deprive him of mental health treatment. Nor does it show that defendants disregarded an excessive risk to plaintiff's safety, as there are no facts indicating that defendants knew of his condition at all.

While the court must construe the complaint in plaintiff's favor, it cannot rewrite plaintiff's pleading or invent factual scenarios for him. The

complaint shows that plaintiff suffers from a serious medical condition, but is utterly silent as to defendant's mental state in withholding treatment from him. Thus, plaintiff fails to state a claim for deliberate indifference to his medical needs.

## Conclusion

For the reasons stated, defendant's motion to dismiss the amended complaint is granted. In light of plaintiff's failure to oppose the motion to dismiss, the court finds that granting the right to amend would be futile. Banks v. No. 8932 Corr. Officer, No. 11 CIV. 8359 LAP, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013). All claims are dismissed with prejudice.

This opinion resolves the item listed as document number 30 in this case.

SO ORDERED.

Dated: New York, New York
March 31, 2015

Thomas P. Griesa
U.S. District Judge